NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MILAGRO MABEL CRUZ-QUINTANILLA and A. M. J.-C.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1046

Agency No. A209-993-666
          A209-993-667

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025**
San Francisco, California

Before:  R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Petitioners Milagro Mabel Cruz-Quintanilla and her minor daughter, who

are both citizens of El Salvador, timely petition for review of a decision by the

Board of Immigration Appeals ("BIA") upholding an order of an Immigration

Judge ("IJ") denying Cruz-Quintanilla's application for asylum and withholding of

removal.[1]  We have jurisdiction under § 242 of the Immigration and Nationality

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

[1] Cruz-Quintanilla did not challenge the IJ's denial of her application for protection

Act, 8 U.S.C. § 1252. We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review for abuse of discretion the agency's denial of a motion for a continuance. *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition.

1. To qualify for asylum, Cruz-Quintanilla must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "One way to satisfy this burden is by showing past persecution, which gives rise to a rebuttable presumption of future persecution." *Id*. at 1060. To establish past persecution or a well-founded fear of future persecution, the alien must show, *inter alia*, that the past or feared persecution was or would be "committed by the government, or by forces that the government was unable or

under the Convention Against Torture in either her appeal to the BIA or in her opening brief, and so that aspect of her application is not before us. *See* 8 U.S.C. § 1252(d)(1); *Iraheta-Martinez v. Garland*, 12 F.4th 942, 948 (9th Cir. 2021). Cruz-Quintanilla's daughter did not file a separate application for relief, but is instead listed as a derivative beneficiary on her mother's application for asylum. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, withholding of removal and relief under the Convention Against Torture "may not be derivative").

unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Here, Cruz-Quintanilla's alleged persecutors were gang members, and the BIA upheld the IJ's "determination that the Salvadoran government is not unable or unwilling to protect" Cruz-Quintanilla from such gang violence. Substantial evidence supports this conclusion.

Cruz-Quintanilla testified that soldiers and police officers were assigned to combat gangs; that law enforcement officers patrolled the area where she had run a food stand; and that the police arrested her brother and his friends after they— allegedly under duress—collected extortion money on behalf of gangs. Cruz-Quintanilla points to her testimony that police officers have been killed by gang members while attempting to combat gang violence, but on this record, the agency was not compelled to reach the conclusion that the Salvadoran government therefore is unable to protect her. The agency instead permissibly found that such evidence further demonstrated that the government was making substantial efforts to control gangs in El Salvador. *See Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007) (stating that the agency need not "interpret the evidence in the manner advocated by" the petitioner). And because Cruz-Quintanilla failed to prove eligibility for asylum on this ground, she necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

3

2.  An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29.  When reviewing the IJ's denial of a continuance, we consider several factors, as appropriate, including: "(1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted."  *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).  We review the denial of a continuance deferentially, and the agency's decision "will not be overturned except on a showing of clear abuse."  *Sandoval-Luna*, 526 F.3d at 1247 (citation omitted).  We discern no such abuse of discretion here.

The agency permissibly concluded that a continuance was unwarranted under the circumstances.  Two weeks before Cruz-Quintanilla's merits hearing, her prior attorney successfully moved to withdraw from the case on the grounds that (1) Cruz-Quintanilla had been unresponsive to prior counsel's numerous attempts to reach her to prepare for the merits hearing, including his requests that she supply him with names of potential witnesses, and (2) Cruz-Quintanilla had "not made good on [her] payment plan" for at least four months.  At the hearing, Cruz-Quintanilla acknowledged that her prior attorney's statements were correct, that she had not paid him anything in six months, and that she sometimes even ignored her counsel's phone calls.  Although Cruz-Quintanilla argued to the IJ that she

4

would try to find a way to get the money to pay her attorney, the IJ was not required to accept that explanation, given her past interactions with her attorney. Nor was the IJ required to inquire specifically as to the Government's position on a continuance or to wait until Cruz-Quintanilla had shown a "pattern" of requesting extensions. Cruz-Quintanilla's application for relief had been pending for nearly two years, and the IJ was not required to give her more time given what the record showed about how she had used the time already allotted.

3. Cruz-Quintanilla's contention that the denial of a continuance amounted to a due process violation is without merit. Cruz-Quintanilla has wholly failed to show that the denial of a continuance rendered her hearing "fundamentally unfair," nor has she made an affirmative showing that "the outcome of the proceeding may have been affected" by the denial. *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (citation omitted).

**PETITION DENIED.**